# EXHIBIT A

Yongmoon Kim - 026122011
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

| | |
|---|---|
| JONATHAN O. DAYE, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE LLC, and JOHN DOES 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>Civil Action<br><br>Docket No. MER-L-413-21<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorneys whose names and addresses appear above, or to plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

|  |  |
|---|---|
| Dated: March 2, 2021 | */s/ Michelle M. Smith*<br>Michelle M. Smith<br>Clerk of the Superior Court of New Jersey |
| Name of Defendant to be served: | **Allied Interstate LLC** |
| Address of Defendant to be served: | c/o C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, New Jersey 08628 |

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    FEBRUARY 25, 2021
                        RE:      DAYE JONATHAN   VS ALLIED INTERSTATE LL C
                        DOCKET:  MER L -000413 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

    DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE MANAGING JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    050
AT:  (609) 571-4200 EXT 74432.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: YONGMOON KIM
                                   KIM LAW FIRM LLC
                                   411 HACKENSACK AVE STE 701
                                   HACKENSACK        NJ 07601


ECOURTS

# Civil Case Information Statement

### Case Details: MERCER | Civil Part Docket# L-000413-21

**Case Caption:** DAYE JONATHAN VS ALLIED INTERSTATE LL C
**Case Initiation Date:** 02/24/2021
**Attorney Name:** YONGMOON KIM
**Firm Name:** KIM LAW FIRM LLC
**Address:** 411 HACKENSACK AVE STE 701 HACKENSACK NJ 07601
**Phone:** 2012737117
**Name of Party:** PLAINTIFF : Daye, Jonathan, O
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** COMPLEX COMMERCIAL
**Document Type:** NJ eCourts Case Initiation Confirmation
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jonathan O Daye?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category:** Putative Class Action? YES  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/24/2021
Dated

/s/ YONGMOON KIM
Signed

Philip D. Stern, Esq. (NJ Atty. ID #045921984)
Yongmoon Kim, Esq. (NJ Atty. ID #026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
(201) 273-7117

*Attorneys for Plaintiff, Jonathan O. Daye*

| | |
|---|---|
| JONATHAN O. DAYE, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE LLC, and JOHN DOES 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION–MERCER COUNTY<br><br>Civil Action<br><br>Docket No. MER-L-_____-21<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Jonathan O. Daye, individually and on behalf of those similarly situated, by way of this Class Action Complaint against Defendants, states:

## I. NATURE OF THE ACTION

1. This class action stems from Defendants' violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* when attempting to collect a debt.

## II. FACTS

### A. *Parties.*

2. Plaintiff, Jonathan O. Daye, is a natural person residing in Mercer County, New Jersey.

3. Defendant, Allied Interstate LLC, upon information and belief, is a Minnesota for profit limited liability company with its principal place of address located at 12755 Highway 55, Suite 300, Plymouth, Minnesota 55441 and, is registered with the State of New Jersey as a foreign limited liability company.

Page 1 of 8

4. Plaintiff is informed and believes, and on that basis allege, that Defendants John Does 1 to 10 are fictitious names of persons who are liable to Jonathan O. Daye but whose names are presently unknown to Jonathan O. Daye.

5. In this pleading, "Defendants" in the plural refers to all Defendants.

**B. *Defendants' Status as Debt Collectors.***

6. Defendants are not in the business of extending credit, selling goods or services to consumers.

7. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

8. Defendants' principal purpose is the collection of debts.

9. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

10. Defendants John Does 1 to 10 are natural persons or business entities who personally created, instituted, and acted consistent with and oversaw the policies, practices, and procedures used by the employees of Defendants including those which are the subject of this Complaint. Those Defendants personally controlled Defendants' policies, practices, and procedures and are persons who either used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

C. *The Debt.*

11. Defendants asserted that Plaintiff incurred or owed one or more financial obligation ("Account" or "Debt") originating from and which arose out of one or more transactions which were primarily for personal, family, or household purposes.

12. Defendants contend that the Debt was past-due and in default.

13. After the Debt was past-due and in default, it was placed with Defendants for purposes of collection from Plaintiff.

D. *Defendants' Conduct.*

14. While attempting to collect the Debt, Defendants mailed a letter dated February 25, 2020.

15. On information and belief, the letter is a form letter because it is created by merging the text, layout, and graphics maintained in a template with data particular to Plaintiff and the alleged Debt.

16. A true but redacted copy of the letter is attached as *Exhibit A*.

17. Plaintiff received the letter.

18. The letter identifies Wells Fargo Bank, N.A. as the "Original Creditor."

19. Wells Fargo Bank, N.A. was not the creditor to whom the Debt was owed on February 25, 2020.

20. The letter does not identify any person as the creditor to whom the Debt is owed.

21. The letter was the earliest communication which Plaintiff received from Defendants in connection with the collection of the Debt.

22. Plaintiff did not receive any written communication from Defendants within five days after receipt of the letter.

23. From reading the letter in its entirety, the least sophisticated consumer would not know the name of the creditor to whom the Debt is owed.

### III. CLASS ACTION ALLEGATIONS

24. This action is brought and may properly proceed as a class action, pursuant to the provisions of *R.* 4:32. Plaintiff brings this action individually and on behalf of all other persons who are similarly situated.

25. *Class Definition.* Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, the Class consists of and is defined as:

> All natural persons to whom Allied Interstate LLC mailed a letter in the same or similar form as Exhibit A to this Complaint using a New Jersey address which letter is dated or mailed on or after February 24, 2020 (the date which is one year prior to the commencement of this Class Action) up through and including March 24, 2021.

26. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under *R.* 4:32-2(d). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

27. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

28. The Class, of which Plaintiff is a member, is readily identifiable and ascertainable from Defendants' records.

29. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of R. 4:32-1(a) because there is a well-defined community interest in the litigation in that:

   a. *Numerosity.* Plaintiff is informed and believes, and on that basis alleges, that the members of the Class are so numerous that joinder of all members would be impractical. On information and belief, there are at least 40 members of the Class.

   b. *Commonality.* Common questions of law and fact exist as to all members of the Class, the principal issues are whether Allied Interstate LLC's conduct as described in the Allegations of Fact (above) was the same or substantially similar with respect to Allied Interstate LLC's attempts to collect debts from Plaintiff and the members of the Class; and whether such conduct violated the FDCPA.

   c. *Typicality.* Plaintiff's claims are typical of the claims of each class member. Plaintiff and all members of the Class have claims arising out of Allied Interstate LLC's common and uniform course of conduct.

   d. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

30. This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of the filing of this Complaint, Plaintiff expects to seek certification of a class under *R.* 4:32-1(b)(3) because:

   a. the questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member; and

   b. a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

   c. The members of the Class are so numerous that joinder is impracticable.

### IV. CAUSE OF ACTION FOR VIOLATION OF THE FDCPA

31. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

32. As defined under 15 U.S.C. § 1692a:

   a. Each Defendant is a "debt collector";

   b. The Debt is a "debt";

   c. Defendants' letter is a "communication"; and

   d. Plaintiff is a "consumer".

33. By mailing the letter and using the letter in an attempt to collect the Debt, Defendants invaded and violated Plaintiff's rights as protected under the FDCPA. Such invasions and violations include but are not limited to:

  (i) Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e; and

  (ii) Defendants failed to provide Plaintiff with a written notice with or within five days of Defendants' initial communication which meaningfully disclosed the name of the creditor to whom the debt is owed to the least sophisticated consumer in violation of 15 U.S.C. § 1692g(a)(2)

34. Pursuant to 15 U.S.C. § 1692k(a), a "debt collector who fails to comply with any provision of" the FDCPA "with respect to any person is liable to such person" for:

  a. Any actual damages;

  b. Additional damages (also referred to as statutory damages) subject to specified limitations as to the amount; and

  c. The costs of the action together with a reasonable attorney's fee.

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jonathan O. Daye demands judgment against all Defendants, jointly and severally, as follows:

  (i) Certifying that the Cause of Action may be maintained as a class pursuant to *R.* 4:32 including defining the class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

  (ii) Awarding damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

  (iii) Awarding of damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

  (iv) Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

 (v) Awarding costs of suit as allowed by law;

 (vi) To the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

 (vii) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VII. DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Yongmoon Kim is designated as trial counsel for Plaintiff.

## VIII. CERTIFICATIONS PURSUANT TO *R.* 1:38-7 AND *R.* 4:5-1.

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future. I further certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action, EXCEPT: None.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 24, 2021        KIM LAW FIRM LLC

                    */s/ Yongmoon Kim*
                    Yongmoon Kim
                    *Attorneys for Plaintiff*

# Allied Interstate LLC

PO Box 19066, Minneapolis, MN 55419-0066
Toll Free: 800-367-1822
Monday-Friday 8:00AM-6:00PM ET

Principal Balance: $56698.67
Interest Balance: $6720.99
Collection Charges: $6114.62
Other Charges: $0.00

Amount Owed: $69,534.28
Allied Interstate Account No: REDACTED 511
Original Creditor: WELLS FARGO BANK N.A.

Date: 02-25-2020

Dear Jonathan Daye:

We are a debt collection company and our client, Ascendium Education Solutions Inc., has retained us to collect the debt noted above.

To make a payment, please telephone us at 800-367-1822 or mail your payment to us using the coupon on the reverse side of this letter. When you provide a check as payment, you authorize us to either use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please call the number at the top of this notice.

We look forward to receiving your payment.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Sincerely,

800-367-1822
Allied Interstate LLC

PLEASE SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

Undeliverable Mail Only:
P.O. Box 1954
Southgate, MI 48195-0954

Jonathan Daye
REDACTED



[EXHIBIT A]

2510/0000737/0004
005 66255745/EDDEF1/MIN

Please refer to the following list of the rights consumers have under local, state and federal law:

California: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practice Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 877-FTC-HELP or www.ftc.gov.

Colorado: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

Allied Interstate LLC can be reached within Colorado at 7200 S. Alton Way, Suite B180 Centennial, CO 80112 and telephone number 303-309-3839.

Illinois: We will provide you with the name and address of the original creditor, if different from the current creditor.

Maine: Maine residents may contact our office by telephone between 8AM and 8PM ET.

Massachusetts: Massachusetts residents may contact our office by telephone at the number and address stated on the front of this letter or at 49 Winter St. Weymouth, MA 02189 Office hours: Mon - Thurs 10am - 3pm ET.

### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

Minnesota: This Collection Agency is licensed by the Minnesota Department of Commerce.

New York City: New York City Department of Consumer Affairs license numbers: 1474413-DCA, 1473185-DCA, 1473141-DCA, 1473196-DCA, 1473186-DCA, 1466817-DCA, 1473155-DCA, 1473165-DCA, 1473170-DCA, 1473181-DCA, 1473180-DCA, 1473198-DCA, 1473177-DCA, 1473174-DCA.

North Carolina: North Carolina Department Insurance Permit No.: 111896, 917, 4461, 111898, 111897, 3709, 3715, 3683, 3740, 4379, 1061, 3741, 3738.

Tennessee: This collection agency is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

Wisconsin: This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

If you have a question or comment, please (i) write us at PO Box 19312, Minneapolis MN 55419; (ii) email us at: advocacygroup@allied-interstate.com; or, (iii) call us toll-free at (800) 811-4214 between 9:00 AM Eastern Time and 6:00 PM Eastern Time Monday through Friday.



[EXHIBIT A]

EDDEFL.2511

**Allied Interstate LLC**

Undeliverable Mail Only:
- P.O. Box 1954
  Southgate, MI 48195-0954

PO Box 19066, Minneapolis, MN 55419-0066
Toll Free: 800-367-1822
Monday-Friday 8:00AM-6:00PM ET

The total balance of your account includes the following defaulted student loans. These loan balances may include outstanding principal, interest and collection charges. Because of interest, and other charges, the amount due on the day that you pay may be greater. Payment in full is due on these debts, please confirm the payoff amount with our office and remit your payment to:

Correspondence Address:
Allied Interstate LLC
PO Box 19066
Minneapolis, MN 55419-0066

Payment Address:
Allied Interstate LLC
PO Box 19066
Minneapolis, MN 55419-0066

| MERCHANT NAME | ALLIED ACCOUNT # | BALANCE DUE |
|---|---|---|
| Ascendium Education Solutions Inc. | REDACTED 11 | $5,498.93 |
| Ascendium Education Solutions Inc. | REDACTED 12 | $1,618.89 |
| Ascendium Education Solutions Inc. | REDACTED 13 | $3,646.74 |
| Ascendium Education Solutions Inc. | REDACTED 14 | $4,091.82 |
| Ascendium Education Solutions Inc. | REDACTED 15 | $3,037.26 |
| Ascendium Education Solutions Inc. | REDACTED 16 | $4,290.19 |
| Ascendium Education Solutions Inc. | REDACTED 17 | $1,952.82 |
| Ascendium Education Solutions Inc. | REDACTED 18 | $4,460.99 |
| Ascendium Education Solutions Inc. | REDACTED 19 | $6,074.07 |
| Ascendium Education Solutions Inc. | REDACTED 20 | $7,010.01 |
| Ascendium Education Solutions Inc. | REDACTED 21 | $7,370.55 |
| Ascendium Education Solutions Inc. | REDACTED 22 | $10,086.59 |
| Ascendium Education Solutions Inc. | REDACTED 23 | $10,395.42 |
| | Total: | $69,534.28 |

---

Detach and return with payment

Date: 02-25-2020
Ascendium Education Solutions Inc.
Account Number: REDACTED 11
Amount Due: $69,534.28
Amount Remitted:
$_____

Payment Address:

Correspondence Address:

Allied Interstate LLC
PO Box 19066
Minneapolis, MN 55419-0066
Questions? Call 800-367-1822

Allied Interstate LLC
PO Box 19066
Minneapolis, MN 55419-0066

**[EXHIBIT A]**

2/3

EDDEF1/2512

Please be advised, if you are unable to pay in full the outstanding balance on your defaulted loan(s), you have the following additional options for resolving your loan default:

1) **Repayment Arrangements with the Collection Contractor**
   You may contact us to arrange for acceptable repayment terms. Please ensure that you understand all of the agreed-upon terms, as you will be required to fulfill these commitments. A portion of each payment received from you will be allocated to pay collection costs. Those costs are assessed on your account 60 days after the default claim purchase.

2) **Loan Rehabilitation**
   Loan rehabilitation offers you the opportunity to resolve your loan default and may improve your credit record by removing your guarantors' report of your loan default. When you complete your rehabilitation commitment, your defaulted student loan(s) will be eligible for purchase by a lender, and the loan(s) will no longer be considered in default. If your guarantor is currently reporting the applicable loan(s) to the national consumer reporting agencies and you successfully rehabilitate those loan(s), then your guarantor will request the reporting agencies to delete all credit entries related to your loan(s) previous default. Your guarantor will also notify the default claim lender of your rehabilitation and notify the lender to delete its reporting of the default, as applicable. To participate in the loan rehabilitation program, you must advise **Ascendium Education Solutions Inc.** that you wish to rehabilitate your defaulted loan(s) and establish acceptable repayment terms. You will be notified of all the loan rehabilitation requirements, which include making at least nine, on-time, qualifying payments during a 10-month period. As part of your eligibility for loan rehabilitation, you will be assessed collection costs at a reduced rate of 16.0% of the outstanding balance at the time your loan is purchased by an eligible lender, and the purchasing lender may add these costs to your outstanding loan principal. Your guarantor will make every effort to secure a lender for you, but note that purchasing rehabilitated loan(s) is at the discretion of the lender.

3) **William D. Ford (Direct) Loan Consolidation**
   You may consolidate all your FFELP loans, including any defaulted loan(s), into a new, single loan. Direct loan consolidation may simplify your loan repayment by requiring only one monthly payment, and may reduce your monthly loan payment amount by extending the repayment term. To be eligible for loan consolidation, you must advise Ascendium Education Solutions Inc. that you wish to consolidate your loan(s). To consolidate your defaulted loans, you should establish repayment arrangements and may be required to make three, on-time, consecutive, monthly payments. Once you have made these payments and/or met other Direct Loan Program requirements, you may apply for a consolidation loan. Note that if you consolidate your loans, your guarantor will not remove the report of your loans default from your credit report if those loan(s) are currently being reported; however, the credit entry will be updated to reflect a paid-in-full status for the original defaulted loan(s). Additionally, you will be assessed collection charges at the rate of 18.5% of the outstanding balance of your defaulted loan(s) at the time your loan(s) are consolidated, and these charges may be added to your outstanding loan principal amount.

Failure to pay the account in full, agree to a satisfactory repayment arrangement, or utilize another recovery option listed above may result in additional collection efforts. These efforts may include:
* Contacting your employer to seize a portion of your paycheck through administrative wage garnishment.
* Intercepting future federal and/or state income tax refunds or other federal payments due you.
* Assigning your loan(s) to the U.S. Department of Education for collection.
* Pursuing other lawful collection procedures.

If you wish to dispute the default status of your loan(s), you may submit a request in writing to:
1. Inspect and copy our records pertaining to your loan obligation.
2. Request a review regarding the legal enforceability or past status of your loan obligation. You may request a review if you can prove your loan was not past-due with your lender, the loan balance is incorrect, or you did not incur this debt. You cannot request a review for any one of the following reasons:
* You failed to pay your lender.
* You failed to complete your education and/or were dissatisfied with the school you attended.
* You were unable to find employment in the field for which the school prepared you.

To request a review, your request must be submitted in writing to: Navient, PO Box 9460, MC E2142, Wilkes-Barre, PA 18773-9460.



3/3

EDDEF1/2513