Yongmoon Kim, Esq.
Philip D. Stern, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
(201) 273-7117

*Attorneys for Plaintiff, Jonathan O. Daye*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONATHAN O. DAYE, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE LLC, and JOHN DOES 1-10,<br><br>Defendant. | Civil Action No. 3:21-cv-07582-FLW-TJB<br><br>**FIRST AMENDED<br>CLASS ATION COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Jonathan O. Daye, individually and on behalf of those similarly situated, by way of this First Amended Class Action Complaint against Defendants, states:

## I. NATURE OF THE ACTION.

1. This action stems from the Defendants' conduct when attempting to collect consumer debts in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.

## II. PARTIES.

2. Plaintiff, Jonathan O. Daye, is a natural person residing in Mercer County, New Jersey.

3. Defendant, Allied Interstate LLC, upon information and belief, is a Minnesota for profit limited liability company with its principal place of address located at 12755 Highway 55, Suite 300, Plymouth, Minnesota 55441 and, is registered with the State of New Jersey as a

foreign limited liability company.

4.  Plaintiff, Jonathan O. Daye is informed and believes, and on that basis allege, that Defendants John Does 1 to 10 are fictitious names of persons who are liable to him but whose names are presently unknown.

5.  In this pleading, "Defendants" in the plural refers to all Defendants.

### III. JURISDICTION AND VENUE.

6.  Jurisdiction of this Court arises under 28 U.S.C. § 1331.

7.  Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because Allied Interstate regularly transacts business within this federal judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV. LEGAL BASES FOR FDCPA CLAIMS.

8.  The FDCPA "covers conduct taken in connection with the collection of any debt." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3rd Cir. 2014) (internal quotation marks omitted). The Act "was passed to promote ethical business practices by debt collectors." *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002). The Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b). Thus, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, *and* to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes and ellipsis omitted;

page **2** of **15**

emphasis added); 15 U.S.C. § 1692(e).

9. The Act is not concerned with whether the consumer owes the debt. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that *all* consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

10. "Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). "Thus, the FDCPA enlists the efforts of sophisticated consumers … as private attorneys general to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jensen v. Pressler and Pressler, LLP*, 791 F.3d 413, 419 (3rd Cir. June 30, 2015) (internal quotation marks omitted).

11. The FDCPA is construed broadly to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

12. Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

13. "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

14. Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures

reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Consumer Financial Protection Bureau, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

15. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96 (emphasis added).

16. The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss, supra,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt collector opposes class certification

based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. This is exactly the kind of result Congress intended to avoid through the creation of the class action form." *Barkouras v. Hecker*, 2006 WL 3544585, 2006 U.S.Dist.Lexis 88998 (D.N.J. Dec. 8, 2006).

V.     **ALLEGATIONS OF FACT**

### *A.   Defendants are Debt Collectors.*

17.     Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

18.     Defendant, Allied Interstate's principal business purpose is the collection of debts.

19.     Defendants John Does 1 to 10 are natural persons or business entities who personally created, instituted, and acted consistent with and oversaw the policies, practices, and procedures used by the employees of Defendants including those which are the subject of this Complaint. Those Defendants personally controlled Defendants' policies, practices, and procedures and are persons who either used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20.     In attempting to collect debts, Defendants use the mails, telephones, the internet, and other instruments of interstate commerce.

### *B.   The Debt.*

21.     Defendants assert Plaintiff incurred or owed one or more financial obligations

("Account" or "Debt") arising under one or more student loans originated with Wells Fargo Bank, N.A. and, therefore, arise out of one or more transactions which were primarily for personal or family.

22. Defendants contend the Debt was past-due and in default and, after the Debt was past-due and in default, it was placed with Defendants for purposes of collection.

### C. Defendants' Attempt to Collect the Debt.

23. Defendants mailed a letter dated February 25, 2020 to collect the Debt.

24. A true but redacted copy of the letter is attached as ***Exhibit A***.

25. On information and belief, the letter is a form letter because it is created by merging the text, layout, and graphics maintained in a template with data particular to Plaintiff and the alleged Debt.

26. In an effort to undercut the expenses which its competitors might have to incur, Defendant did not create, print, and mail the letter. Instead, Defendant communicated information in connection with the collection of the Debt to a third party commonly known as a mail vendor or a letter vendor. Such information includes all the information about the Debt and about Plaintiff contained in the letter.

27. On information and belief, Defendant's letter vendor is Renkim Corporation.

28. Plaintiff never consented to Defendant communicating with Defendant's letter vendor or any other person in connection with the collection of the Debt.

29. Plaintiff is unaware of any court which has given Defendant express permission to communication with Defendant's letter vendor or any other person in connection with the collection of the Debt.

30. Defendant's letter vendor is not Plaintiff, Plaintiff's attorney, a consumer

reporting agency, the creditor, the attorney for the creditor, or Defendant's attorney.

31. The letter was the initial communication Plaintiff received from Defendant in connection with the collection of the Debt.

32. Plaintiff did not receive any written communication from Defendant within five days after receipt of the letter.

33. Plaintiff received the letter.

34. The letter identifies Wells Fargo Bank, N.A. as the "Original Creditor."

35. On February 25, 2020, Wells Fargo Bank, N.A. was not the name of the creditor to whom the Debt was owed.

36. The letter identifies "Ascendum Education Solutions Inc." ("AES")as Allied Interstate's "client" who retained Allied Interstate to collect the Debt.

37. On February 25, 2020, AES is not the name of the creditor to whom the Debt was owed.

38. On information and belief, AES may have been the servicer of certain of Plaintiff's student loans including the Debt.

39. The letter does not identify any person as the creditor to whom the Debt is owed.

40. The letter authorizes Plaintiff to "mail your payment to us using the coupon on the reverse side of this letter" where "us" means Allied Interstate. *See, Exhibit A*.

41. The coupon on the reverse side of the letter provides the following "Payment Address":

>Allied Interstate LLC
>PO Box 19066
>Minneapolis, MN 55419-0066

42. Above the coupon on the reverse side of the letter, Plaintiff is provided with a

"Correspondence Address" and a "Payment Address"—both of which are identical to the Payment Address in the coupon.

    43.    The letter, under the heading "Loan Rehabilitation," refers to:

        43.01.    "your guarantor" who "will make every effort to secure a lender for you" if the loans are rehabilitated but the letter does not identify any guarantor by name;

        43.02.    "the default claim lender" but the letter does not identify that lender by name—but, by the letter asserting there are loans in default, the least sophisticated consumer could reasonably understand that the unnamed default claim lender is the current creditor;

        43.03.    "purchasing lender" as "an eligible lender" who, upon rehabilitation of the loans, may purchase the loans at its "discretion;" and

        43.04.    "Ascendium Education Solutions Inc." as the person to contact if Plaintiff desires to rehabilitate the loans but does not identify its role other than the reference on the first page of the letter as Allied Interstate's "client" thereby allowing the least sophisticated consumer to reasonably believe Ascendium Education Solutions Inc. is *not* the guarantor, default claim lender, or the purchasing lender.

    44.    The letter also states that, "to dispute the default status of your loan(s)," Plaintiff may request "a review regarding the legal enforceability or past status of your loan obligation" by writing to "Navient" addressed to a post office box in Pennsylvania. The letter does not provide any information about Navient other than as the addressee for requesting such a review.

    45.    In the context of the entire letter, Defendants' identification of "Ascendum

Education Solutions Inc." as Allied Interstate's "client" does not inform the least sophisticated consumer as to whom the Debt is currently owed.

46. From reading the letter in its entirety, the least sophisticated consumer would not know the name of the creditor to whom the Debt is currently owed.

## VI. CLASS ALLEGATIONS

47. Plaintiff brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

48. *Class Definition.* Subject to discovery and further investigation which may cause Plaintiff to modify the class definition to be more inclusive or less inclusive, Plaintiff defines the "Class" to consist of:

> Each natural person to whom Allied Interstate LLC mailed a letter in the same or similar form as Exhibit A to the First Amended Class Action Complaint using a New Jersey address which letter is dated or mailed during the Class Period where:
> "Class Period" means the continuous period beginning on February 24, 2020 (the date which is one year prior to the commencement of this Class Action) up through and including March 24, 2021.

49. *Class Claims Defined.* Subject to discovery and further investigation which may cause Plaintiff to modify the definition of the "Class Claims" to be more inclusive or less inclusive, the Class Claims consist of claims arising under the Fair Debt Collection Practices Act based on or arising from Defendants mailing a letter created from the same template or form which it used to create the February 25, 2020 letter.

50. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class and Class Claims, seek class certification only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

51. The identity of each member of the Class is readily ascertainable from Allied Interstate's records and those records of the entity on whose behalf it was seeking to collect debts.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

> 52.01. *Numerosity.* Plaintiff is informed and believes, and on that basis alleges, that the members of the Class are so numerous that joinder of all members would be impractical. On information and belief, there are at least 40 members of the Class.
>
> 52.02. *Commonality.* Common questions of law and fact exist as to all members of the Class, the principal issues are: whether Defendants' conduct as described in the Allegations of Fact (above) was the same or substantially similar with respect to their attempts to collect debts from Plaintiff and the members of the Class; and whether such conduct violated the FDCPA.
>
> 52.03. *Typicality.* Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of Defendants' common and uniform course of conduct with respect to Defendants' communications as set forth in the Allegations of Fact.
>
> 52.04. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are known or believed to be adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling

consumer lawsuits, complex legal issues, and class actions. Plaintiff and Plaintiff's counsel have no interests which might cause them not to vigorously pursue the instant class action lawsuit.

53. This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiff expects to seek certification of a class under FED. R. CIV. P. 23(b)(3) because:

> 53.01. the questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member;
>
> 53.02. a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized and difficulties are unlikely in the management of a class action; and
>
> 53.03. The members of the Class are so numerous that joinder is impractical.

## VII. CAUSE OF ACTION FOR VIOLATION OF THE FDCPA.

54. Plaintiff realleges and incorporates by reference the Allegations of Fact.

55. Each Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

56. The Debt is a "Debt within the meaning of 15 U.S.C. § 1692a(5).

57. The letter is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

58. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

59. Defendants failed to comply with the FDCPA with respect to Plaintiff when collecting or attempting to collect the Debt.

60. By mailing the letter and using it to collect the Debt, Defendants invaded and violated Plaintiff's rights as protected under the FDCPA. Such invasions and violations include but are not limited to:

 60.01. Defendants communicated with "any person" in connection with the collection of any debt in violation of 15 U.S.C. § 1692c(b);

 60.02. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e; and

 60.03. Defendants failed to provide Plaintiff with a written notice with or within five days of Defendants' initial communication which meaningfully disclosed the name of the creditor to whom the debt is owed to the least sophisticated consumer in violation of 15 U.S.C. § 1692g(a)(2)

61. Pursuant to 15 U.S.C. § 1692k(a), a "debt collector who fails to comply with any provision of" the FDCPA "with respect to any person is liable to such person" for:

 61.01. Any actual damages;

 61.02. Additional damages (also referred to as statutory damages) subject to specified limitations as to the amount; and

 61.03. The costs of the action together with a reasonable attorney's fee.

62. Defendants' conduct as stated in Allegations of Fact, together with the reasonable inferences from them, invaded Plaintiff's rights protected under the FDCPA, the invasion of which caused injury-in-fact.

63. Based on any one violation of the FDCPA, Defendant is liable to Plaintiff and, if this case is maintained as a class action under Fed. R. Civ. P. 23, to the Class, for damages (including any proven actual damages and additional damages), reasonable attorneys' fees (including litigation expenses), and costs under 15 U.S.C. § 1692k.

## VIII. PRAYER FOR RELIEF.

64. **WHEREFORE**, Plaintiff, Jonathan O. Daye demands judgment against all Defendants, jointly and severally, as follows:

   64.01. Certifying that the Cause of Action may be maintained as a class pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

   64.02. Awarding of damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

   64.03. Awarding of damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

   64.04. Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

   64.05. To the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

   64.06. Awarding costs of suit as allowed by law; and

   64.07. For such other and further relief as may be just and proper.

## IX. JURY DEMAND.

65. Demand is hereby made for trial by jury.

## X. CERTIFICATION PURSUANT TO LOCAL CIVIL RULE.

66. Pursuant to *L. Civ. R.* 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

KIM LAW FIRM LLC
*Attorneys for Plaintiff*

*s/Philip D. Stern*

Dated: June 6, 2021

Philip D. Stern